IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

WALTER AYOTUNDE JARRETT,

Defendant.

CRIMINAL CASE NO.
1:05-CR-00564-JEC-CCH-ALL

## ORDER

This case is before the Court on defendant's Motion for Review of Detention Order [12] and defendant's First Motion for Bond Hearing [21]. The Government responded [20] to defendant's Motion for Review of Magistrate Judge's Detention Order [12] and, thereafter, defendant filed his First Motion for Bond Hearing [21] and his Reply to Response to Motion [22].

Defendant has recently requested that the Court reopen the detention hearing to allow him to clarify matters that were of concern to the magistrate judge who conducted the detention hearing. The transcript of the hearing, however, indicates that the magistrate judge in the district in which the defendant was arrested offered the defendant a continuance and a chance to have his hearing held in this district, but defendant, through his retained attorney, declined. (Tr. March 2, 2006 Hearing at 2). Accordingly, the Court concludes

that it would be an inefficient use of judicial resources to allow the defendant to redo a hearing, merely because his new attorney believes that she could improve on the advocacy of defendant's original retained counsel.

Moreover, the Court cannot envision that any new testimony by defendant or family members would alleviate the Court's concern that defendant and his family were not candid during the investigation preceding the initial detention hearing. Accordingly, their testimony cannot be safely relied on at a second hearing. Specifically, defendant has argued that he has ties to Baltimore, Maryland, where his wife and children live; indeed, defendant avers that he is the stay-at-home parent who is needed to watch the children. Yet, when the pretrial services officer inquired where the defendant lived, the defendant's wife responded by asking where the defendant had said that he lived. (PTS Report at 1). Thereafter, her responses about defendant's residence were confusing and conflicting, ending with her statement that they had been separated recently, but that the defendant lived with her 5 days a week and somewhere else, unknown to her, during the other 2 days.

Accordingly, the probation officer and magistrate judge's suspicion that the defendant was not actually residing with his wife in Maryland was justified. Moreover, the defendant has a California driver's license and address, which the defendant now explains by

2

arguing that he wanted to appear to be a "player" in Hollywood entertainment circles and felt that a California address would be most helpful, even though the defendant states that he no longer lives in California.  Clearly, dishonesty by a defendant about his residency casts doubt on both the defendant's candor and on the question of his actual residency.

The magistrate judge also correctly noted that the defendant lacks stable employment, and the defendant conceded that he had only earned $7,000 in the past year.  Moreover, although a naturalized citizen, the defendant still has ties to his native country, Nigeria, from whence he was returning when he was arrested.[1]  Finally, the indictment charges defendant with repeated acts of credit card fraud.  Whether or not the defendant is actually guilty of a crime, the described acts suggest a facility in creating and dealing with documents.[2]

---

[1] There was also a conflict as to defendant's international travels.  At the detention hearing, he indicated that he had traveled outside the country only once, but has later indicated that he has had multiple trips outside the United States.  That defendant has traveled internationally does not necessarily mean that he poses a risk of flight, but that his explanations about pertinent matters continues to evolve is a matter of concern to the Court.

[2] At the detention hearing, the prosecutor was prepared to introduce evidence establishing the strength of the Government's case as to defendant's alleged acts of credit card fraud.  The magistrate judge indicated that this was not necessary, as the indictment very specifically set out the acts involved and established that probable cause existed to conclude that the defendant had been "involved in a

3

In short, the Court concludes, based on its *de novo* review, that the magistrate judge correctly determined that defendant would pose a risk of flight and of danger to the community, were he to be released on bond. For the above reasons, the Court **DENIES** defendant's Motion for Review of Detention Order [12] and defendant's First Motion for Bond Hearing [21].

SO ORDERED this 8 day of May, 2006.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

---

long-term sophisticated scheme to defraud a series of different banking institutions." (Tr. at 3). Defendant's attorney did not contest the magistrate judge's statement, but did note that most of the substantive acts charged in the indictment occurred outside the statute of limitations. *Id.* at 7.

4